IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

```
OSCAR GUILLEN, SR.,            )
                               )
Plaintiff,                     )
                               )
vs.                            )   NO. 2:06-CV-15
                               )
JUDGE JEFFREY A HARKIN,        )
et al.,                        )
                               )
Defendants.                    )
```

## OPINION AND ORDER

This matter is before the Court on the Motion for Enlargement and Reconsideration, filed by Plaintiff, Oscar Guillen, Sr., on January 23, 2006. For the reasons set forth below, the motion is **DENIED**.

BACKGROUND

Oscar Guillen, Sr., a *pro se* prisoner, filed the instant motion for enlargement and reconsideration, asking that this Court reconsider its Order dated January 23, 2006. In that order, this Court denied Guillen's motion for leave to proceed in forma pauperis because Guillen has accumulated more than "three strikes" pursuant to 28 U.S.C. section 1915(g), and ordered Guillen to pay the $250 filing fee by February 13, 2006, otherwise the case would be dismissed.

Guillen now questions the validity of the determination of each

of his seven strikes. This order will review each of those strikes in the same sequence they were presented in this Court's prior order dated January 23, 2006.

DISCUSSION

Regarding this Court's determination that 2:02-CV-435 is a strike, Guillen argues that the allegations in that case are similar to the ones in this case, and that he has newly discovered evidence which will permit the reopening of that case pursuant to Fed. R. Civ. P. 60(b)(2). Putting aside that this case may be barred by the doctrine of *res judicata* and that Guillen does not assert that, with due diligence, this evidence was not discoverable within 10 days of that prior judgment, this argument is irrelevant because 2:02-CV-435 has not been set aside. It was dismissed on December 6, 2002, because it did not state a claim. Therefore, it qualifies as a strike under section 1915(g).

Regarding this Court's determination that 2:05-CV-354 is a strike, Guillen argues that it was dismissed without prejudice. While it is not relevant whether the dismissal was with or without prejudice for the purpose of determining strikes, a further review of this case shows that it was dismissed because it was identical to another case. Since it was a duplicate and the filing fee was waived, it does not constitute a strike.

Regarding this Court's determination that 2:05-CV-355 is a

strike, Guillen argues that it is on appeal.  28 U.S.C. section 1915(g) prevents a prisoner from proceeding without prepayment of the filing fee if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  Although 2:05-CV-355 is on appeal, it was dismissed on December 12, 2005, because it did not state a claim.  That judgment has not been set aside or reversed, and that case is therefore a strike.

Regarding this Court's determination that 2:05-CV-412 is a strike, Guillen argues that he does not remember filing that case. In that case, Guillen sued Lake County Superior Court Judge Jesse Villalpondo, Public Defender Garry Weiss, Referee Ann Likens, a Deputy Clerk of the Lake County Superior Court, Lake County Public Defender Alex Lopez, the Lake County Council, and a Lake County Deputy Prosecutor for $300,000.  Putting aside the fact that Guillen has filed two motions to alter or amend the judgment in that case in the last three months, 2:05-CV-412 was dismissed on December 12, 2005, because it did not state a claim.  That judgment has not been set aside, therefore, that case is a strike.

Regarding this Court's determination that 3:05-CV-271 is a strike, Guillen argues that it is on appeal.  As previously discussed,

whether a case is on appeal or not is irrelevant.  That case was dismissed October 28, 2005, because it did not state a claim.  That judgment has not been set aside or reversed, therefore, that case is a strike.

Regarding this Court's determination that appeal No. 97-1360 is a strike, Guillen argues it should be barred by "some kind of time limitation." (Mot. to Reconsider, p. 9.)  Guillen analogizes this to a 10 year old conviction.  That appeal was dismissed less than 10 years ago, on April 15, 1997.  However, there is no time limitation provided for in section 1915(g).  That appeal was dismissed for lack of jurisdiction, and without jurisdiction, the appeal could not have stated a claim on which any relief could have been granted.  Therefore, that appeal is a strike.

Regarding this Court's determination that appeal No. 05-3936 is a strike, Guillen argues that appeal was dismissed for non-payment of the appeal fee.  Unbeknownst to Guillen at the time that he wrote his motion, the Seventh Circuit recalled the mandate in that appeal and reinstated it on February 2, 2006.  Therefore, this appeal cannot now count as a strike even though the district court had previously determined that the appeal had been taken in bad faith.

Although this court originally counted seven strikes, this review has determined that Guillen has only five strikes.  The result remains unchanged though, because three or more strikes bar him from proceeding *in forma pauperis* unless he "is under imminent danger of

serious physical injury." 28 U.S.C. § 1915(g).

Guillen argues that he qualifies for the imminent danger exception because he has "been wrongly and unlawfully arrested and incarcerated for days . . . ." (Mot. to Reconsider, p. 4.) In his complaint, Guillen seeks monetary damages for numerous alleged false arrests which occurred many years ago. Guillen is not in imminent danger of serious physical injury merely because he has been previously arrested. In his complaint, Guillen seeks injunctive relief compelling the Indiana Bureau of Motor Vehicles to provide him with liability insurance, grant him a motorcycle indorsement, and exempt him from any further obligation to take written or driving tests. Guillen is not in imminent danger of serious physical injury because he does not have free liability insurance, does not have a motorcycle indorsement, and has to take tests. Guillen also argues that he may be arrested again. Since he is now incarcerated, he is not in imminent danger of being arrested and even if he were, being arrested would not place him at risk of serious physical injury unless he resisted the arresting officers. Finally, Guillen argues that he is in imminent danger because he is "living on the edge of INSANITY!" (Mot. to Reconsider, p. 6)(emphasis in original). He states that he is in segregation so that he "will not have to snap on somebody and cause great bodily harm and maybe DEATH . . . ." (Mot. to Reconsider, p. 7)(emphasis in original). If Guillen acts on his rage, instability, and threats, he could place himself in danger of serious

physical injury, but such a scenario is beyond the scope of this lawsuit.  Guillen suggests that winning this lawsuit would calm him, but threats and extortion do not qualify as exceptions to the three strikes rule.  In sum, none of the issues raised in this complaint implicate any possibility of imminent danger of serious physical injury.  Therefore, Guillen may not proceed with this lawsuit unless he pays the full filing fee in advance.

Alternatively, Guillen asks that the statute of limitations be waived so that he can bring this lawsuit when he has accumulated the filing fee or after he has been released.  The statute of limitations is an affirmative defense.  In this case, Guillen is barred from proceeding in forma pauperis because he has repeatedly filed meritless lawsuits.  This is no basis for depriving Defendants of the defense of the statute of limitations.  Such a result is the natural consequence of the three strikes provisions of the Prisoner Litigation Reform Act.

Alternatively, Guillen asks for additional time to research the three strikes provisions and to pay the filing fee.  Although Guillen may choose to research the three strikes provisions, an enlargement of time is unnecessary because this Court has determined that Guillen has five strikes, and he is barred from proceeding with this lawsuit unless he pre-pays the filing fee.  Additionally, Guillen does not state when or how he expects to pay this filing fee, or what efforts, if any, he has made to obtain the necessary funds.  Although Guillen

may hope that he can obtain these funds, his in forma pauperis petition shows that he only had $50 on November 30, 2005, when the form was completed.  Hope alone is insufficient to justify enlarging the deadline for paying the filing fee.

Additionally, Guillen objects to having to pay the filing fee after this case is dismissed unless he is able to proceed with it once the fee has been paid.  Even after this case is dismissed, 28 U.S.C. section 1915(b)(1) requires that he pay the filing fee. *See Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997) *overruled on other grounds* by *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000).  The statute clearly provides that "if a prisoner brings a civil action . . . the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Guillen's ultimate payment of the filing fee in installments will not reopen or reinstate this lawsuit.  Once it is properly dismissed for non-prepayment of the filing fee, it will remain closed.

CONCLUSION

For the foregoing reasons, the Motion for Enlargement and Reconsideration is **DENIED**.


**DATED:  February 23, 2006**             /s/RUDY LOZANO, Judge
                                          **United States District Court**